# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00123-MR-DLH

| | |
|---|---|
| ROBERT LOUIS GARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| FACEBOOK, INC., WAYNE ) | |
| HAWKINS, and JAMES SWENSEN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motions to Seal Certain Deposition Excerpts, Exhibits and Information in Support of Defendants' Motions for Summary Judgment [Docs. 73, 74].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First

Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motions. The Defendants filed their motions on May 2, 2018, and such motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the documents at issue contain certain confidential information, including detailed pay and compensation information about Facebook's employees, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public

2

disclosure.  Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the Defendants' confidential business information.

**IT IS THEREFORE ORDERED** that the Defendants' Motions to Seal [Docs. 73, 74] are **GRANTED** and the unredacted portions of the specified documents and materials shall be filed under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: May 15, 2018

Martin Reidinger
United States District Judge