THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00123-MR-DLH

| | |
|---|---|
| ROBERT LOUIS GARY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FACEBOOK, INC. and WAYNE ) <br> HAWKINS, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Consent Motion to File under Seal Exhibits, Deposition Excerpts and Portions of His Brief [Doc. 77].

The Plaintiff moves for leave to file under seal certain exhibits, deposition excerpts, and portions of his memoranda in opposition to the Defendants' motions for summary judgment.[1] [Doc. 77]. Previously, the Defendants were granted leave to file under seal certain exhibits in support of their motions for summary judgment on the grounds that such documents contained sensitive payroll information and personnel reviews. [Doc. 76].

---

[1] The Plaintiff provisionally filed his memorandum and supporting exhibits under seal, along with redacted versions of each document. [Docs. 78-83].

The Plaintiff states that he "seeks to file under seal documents similar to those for which Defendants sought protection." [Doc. 77 at 2]. Additionally, the Plaintiff seeks leave to file other documents containing "investigative materials relating to the race discrimination complaints of Plaintiff, and other documents deemed 'Confidential' in Defendant's [sic] production of documents." [Id.]. The Defendants do not oppose the Plaintiff's request.

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New

Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

For the reasons stated in the Order allowing the Defendants to file certain material under seal [Doc. 76], the Court finds that any reference to sensitive payroll information and personnel reviews may be filed under seal. As for the remainder of Plaintiff's request, however, the Court finds that the Plaintiff has failed to demonstrate any interest compelling enough to overcome the presumptive right of public access to his brief and its supporting exhibits, under either the First Amendment or the common law. The Plaintiff has not explained why any "investigative materials relating to the race discrimination complaints of Plaintiff" should be filed under seal. Further, the Plaintiff contends that his brief and supporting exhibits reference materials that was designated "Confidential" pursuant to the Protective Order entered in this action. The Plaintiff, however, offers no explanation as to why such materials is properly designated as such. The fact that counsel may have designated certain material confidential during discovery does not necessarily require sealing when such material is filed in the

3

record.  See Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court.").

It is ultimately up to the Court, not the parties, to decide whether materials that are filed in the record of this case should be shielded from public scrutiny.  The Plaintiff's motion to seal, however, fails to provide sufficient grounds upon which the Court can make such a decision for each of the documents submitted in support of his response to the Defendants' motions for summary judgment.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Consent Motion to File under Seal Exhibits, Deposition Excerpts and Portions of His Brief [Doc. 77] is **DENIED**.  The Plaintiff shall have seven (7) days from the entry of this Order to renew his motion to seal or to withdraw the provisionally sealed materials from the record.  If the motion to seal is not renewed or the provisionally sealed materials are not withdrawn within seven (7) days, the Plaintiff's entire filing shall be unsealed.

**IT IS SO ORDERED.**

Signed: May 30, 2018

Martin Reidinger
United States District Judge