IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00123-MR-DLH

| | |
|---|---|
| ROBERT LOUIS GARY, ) ) Plaintiff, ) ) vs. ) ) FACEBOOK, INC., WAYNE ) HAWKINS, and JAMES SWENSEN, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motions to Seal [Docs. 91, 94].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated

by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motions. The Defendants filed their motions on June 8, 2018, and such motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the documents at issue contain certain confidential information, including detailed pay and compensation information about Facebook's employees, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the

documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the Defendants' confidential business information. Accordingly, the Court will grant the Defendants' motions, and Documents 89 and 93 shall remain under seal until further Order of this Court.[1]

**IT IS THEREFORE ORDERED** that the Defendants' Motions to Seal [Docs. 91, 94] are **GRANTED**, and Documents 89 and 93 shall be filed under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: July 24, 2018

Martin Reidinger
United States District Judge

---

[1] The Court notes that the Defendants have already filed redacted versions of these documents that may be accessed by the public. [Docs. 88, 92-2].